IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| J. MARK DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-359-C |
| | ) | |
| PMA COMPANIES, INC., and | ) | |
| MIDLANDS MANAGEMENT CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Davis brought suit against Defendants PMA Companies, Inc. ("PMA") and Midlands Management Corp. ("MMC") alleging breaches of contract and the duty of good faith as well as wrongful termination. Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction; Plaintiff responded by filing a Motion to Dismiss Defendant MMC under Rule 21 of the Federal Rules of Civil Procedure.

BACKGROUND

Plaintiff Davis was a shareholder, founder, director, president, and chief operating officer of MMC, a corporation that administered various types of compensation claims for reinsurers, insurers, and self-insurers. (Compl., Dkt. No. 1, at 2.) On October 1, 2007, Defendant PMA entered into a Stock Agreement with the shareholders of Midlands Holding Company, the parent company of MMC, which is the parent company for Midlands Claims Administrators ("MCA"). (Id.) Plaintiff Davis claims that pursuant to this Stock Agreement, MCA would employ Davis, who would get an earn-out payment based on MCA's

performance. (Id. at 3.) Under this Stock Agreement, PMA controlled three of five board of director's positions in MMC. Also pursuant to this Agreement, MMC and Davis entered into an Amended and Restated Employment Agreement. (Id.)

Plaintiff alleges that after executing these agreements, Defendant PMA prevented him from effectively and profitably operating MCA. Specifically, Davis claims that PMA directed MCA to stop developing software that would be beneficial to its business, and instead MCA was forced to use outdated software. (Id. at 4.) Plaintiff also claims that PMA promised MCA access to its software, but MCA did not gain access. As a result of these actions, Plaintiff alleges, MCA lost over 80% of its revenue, which directly impacted the value of Plaintiff's earn-out payment and resulted in his termination. (Id.) Plaintiff Davis also alleges that PMA violated, and attempted to coerce Plaintiff into violating, employment and labor laws. Finally, Plaintiff claims that PMA, acting through MMC, repeatedly denied his requests for action causing damage to MCA's business and reputation.

## DISCUSSION

Under Rule 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction may take the form of either a facial attack or a factual attack. Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 & n.1 (10th Cir. 2010). A facial attack challenges the court's jurisdiction by looking only to the factual allegations of the complaint. "A factual attack goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction." Id. (citing Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001)).

2

Here, Defendants challenge the Court's jurisdiction based only on the factual allegations of the Complaint and not on any additional evidence. Accordingly, Defendants facially attack the Court's jurisdiction over Plaintiff's claims, and, therefore, the Court must look to and accept as true the Complaint's factual allegations. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995); Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002).

Plaintiff's Complaint suffers from a procedural defect that must be cured before this Court has the requisite subject matter jurisdiction. Namely, Plaintiff is suing a nondiverse party on the basis of diversity subject matter jurisdiction, which he now realizes he cannot do. Therefore, Plaintiff moves this Court to dismiss the nondiverse party, Defendant MMC, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

Under Rule 21, "'[p]arties of course may be dropped in order to achieve the requisite diversity of citizenship if their presence is not essential to a just and meaningful adjudication.'" Jett v. Phillips & Assoc., 439 F.2d 987, 989-90 (10th Cir. 1971) (quoting Oppenheim v. Sterling, 368 F.2d 516, 518 (10th Cir. 1966)). However, a court's power to dismiss parties is limited under Rule 19(b), as a court cannot proceed without an indispensable party. See id. at 989-90. Additionally, courts should "carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 838 (1989).

After reviewing Plaintiff's Complaint, it seems that Defendant MMC is a dispensable party. Under Rule 19(b), courts consider four factors when assessing whether a party is dispensable:

3

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by . . . protective provisions in the judgment[,] . . . shaping the relief[,] or . . . other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b). See Davis ex rel. Davis v. United States, 343 F.3d 1282, 1289 (10th Cir. 2003) (citing Wichita & Affiliated Tribes of Okla. v. Hodel, 788 F.2d 765, 774 (D.C. Cir. 1986) (describing the four factors as "not rigid, technical tests, but rather guides to the overarching equity and good conscience determination") (internal quotation marks and citations omitted)).

Here, Plaintiff asserts separate claims against MMC and PMA; resolution of the dispute between PMA and Davis can be resolved in MMC's absence. Specifically, Plaintiff asserts a breach-of-contract claim against PMA pursuant to the Stock Purchase Agreement and an intentional interference claim against PMA regarding the Employment Agreement. Despite Defendant's assertion, resolution of the latter does not require that MMC, as a contracting party to the Employment Agreement, be a party to litigate that claim. See Wilspec Techs., Inc. v. DunAn Holding Grp., Co., Ltd., 2009 OK 12, ¶¶ 7-8, 204 P.3d 69, 71-72. Regarding MMC, Plaintiff asserts a breach of the Employment Agreement, not the Stock Agreement. (See Compl. Dkt. No. 1, at 7.) Additionally, MMC's absence from the present action would not be prejudicial to it.

Nor would dismissal of MMC prejudice the parties in the litigation, see Newman-Green, 490 U.S. at 838, since Davis can pursue his claims against MMC in state court and

fully adjudicate his claims against PMA in the present action. Because MMC is herein dismissed from the action pursuant to Rule 21, the parties are diverse and the Court maintains the requisite subject matter jurisdiction to hear the case.

## CONCLUSION

Because the Court finds that MMC's presence is not essential to a just and meaningful adjudication, Plaintiff's Motion to Dismiss Nondiverse Party MMC (Dkt. No. 18) is herein GRANTED. Accordingly, Defendant's Motion to Dismiss (Dkt. No. 14) is DENIED.

IT IS SO ORDERED this 22nd day of July, 2011.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge